**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CALVIN MOSLEY, JR.** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-06-72-R |
| | ) | |
| **WALTER DINWIDDIE,** | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner originally filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was dismissed without prejudice on May 11, 2006, because Petitioner had failed to comply with Rule 2 of the Rules Governing Habeas Corpus proceedings. Although the case had been terminated, Petitioner thereafter filed a motion to clarify. The Court informed Petitioner that he could re-file a petition, because his first petition had been dismissed without prejudice. Rather than filing a separate action, the preferable method, Petitioner filed a new petition in this same case on October 31, 2006. Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Bana Roberts. Respondent filed a motion to dismiss, asserting that the October 31, 2006 petition was untimely pursuant to 28 U.S.C. § 2244(d). On August 31, 2007, Judge Roberts issued a Report and Recommendation, wherein she recommended that the Defendant's motion to dismiss be granted. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation.

As a matter of statutory and constitutional law, the Court undertakes *de novo* review of those portions of the Report and Recommendation to which specific objection has been made. *See*, 28 U.S.C. § 636 (b)(1)(C); *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10 Cir.1991). The Court applies a "firm waiver rule," which holds "that a party's objection to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir.1996). Having conducted its *de novo* review, the Court finds as follows.

Judge Roberts recommended that the motion to dismiss be granted because Petitioner was not entitled to have his October 31, 2006 petition relate back to his January 20, 2006 petition, because the earlier petition had been dismissed. Thus, according to the precedent in this circuit, there was nothing to relate back to. Despite Petitioner's objection to the contrary, the Court concurs with Judge Roberts' recommendation. *See Marsh v. Soares*, 223 F.3d 1217 (10th Cir. 2000). Accordingly, Petitioner is not entitled to have the October 31, 2006 petition considered filed as of January 20, 2006.

Judge Roberts also considered the possibility of utilizing the alternative statute of limitations starting period set forth in § 2244(d)(1)(B), removal of a state-created impediment. Petitioner alleged that he was unable to receive certain of his legal materials because of Department of Corrections' regulations, and therefore, he was unable to timely

file his petition[1]. Judge Roberts recommended that the Court deny Petitioner's attempt to rely on § 2244(d)(1)(B). Nothing in the objection persuades the Court that Judge Roberts' recommendation in this regard was incorrect.

Additionally, the timetable Petitioner now advocates is directly contrary to his representations to the Court in April 2006. In his April 3, 2006 application seeking additional time in which to object to the Report and Recommendation recommending dismissal without prejudice, Petitioner stated that he had just received his direct appeal brief and trial transcript, and therefore he needed additional time in which to object. Now Petitioner claims that he did not receive these items until sometime in May 2006. The Court concurs with Judge Roberts' recommendation regarding the inapplicability of § 2244(d)(a)(B), and adopts the Report and Recommendation in this regard.

Finally, Judge Roberts further recommended that the Petitioner be deemed untimely because Petitioner is not entitled to equitable tolling. Petitioner again relies upon the lack of access to his legal materials as the basis for his claim of equitable tolling. Again, nothing in Petitioner's objection or his original response to the motion to dismiss convinces the Court that Judge Roberts' recommendation is erroneous. Accordingly, the Court adopts the Report and Recommendation with regard to equitable tolling.

For the reasons set forth herein, the Report and Recommendation issued by Judge Roberts on August 31, 2007 is ADOPTED in its entirety. The motion to dismiss filed by

---

[1] In his objection Petitioner provides information from other inmates that they were able to obtain legal materials from sources other than attorneys, in contravention of the Department of Corrections' policy applied to Petitioner.

Respondent is hereby GRANTED and the petition is dismissed as untimely. Judgment shall be entered accordingly.

IT IS SO ORDERED this 25th day of September 2007.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE